**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EUSEBIO FERNANDEZ, | : | **Hon. Noel L. Hillman** |
| Petitioner, | : | Civil No. 04-4112 (NLH) |
| v. | : | |
| JOHN NASH, et al., | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES:**

> EUSEBIO FERNANDEZ, #44146-054
> F.C.I. Fort Dix, East
> P.O. Box 2000
> Fort Dix, New Jersey 08640
> Petitioner <u>Pro Se</u>
>
> DOROTHY J. DONNELLY, ASSISTANT UNITED STATES ATTORNEY
> CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
> 402 East State Street, Room 430
> Trenton, New Jersey 08608
> Attorneys for Respondents

<u>Hillman, District Judge</u>:

Eusebio Fernandez, an inmate confined at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the calculation of his good conduct time ("GCT") by the Bureau of Prisons ("BOP"). Respondents filed an Answer opposing the Petition, accompanied by two declarations and several documents, and Petitioner filed a Reply. For the reasons expressed below, the Court will dismiss the Petition.

## I. BACKGROUND

The essential facts are not in dispute. Petitioner is a native of the Dominican Republic. In 1986, Petitioner graduated from high school in the Dominican Republic. Specifically, on February 28, 1986, the National Counsel of Education of the Dominican Republic awarded Petitioner a diploma for satisfying the requirements for the degree of "Bachiller en Ciencias Fisicas Y Matematicas" (Secondary Graduate in Physical Sciences and Mathematics).

On August 18, 1998, Petitioner was arrested pursuant to a complaint and arrest warrant issued by the United States District Court for the Southern District of New York charging him with conspiracy to possess with intent to distribute heroin. See United States v. Fernandez, Crim. No. 98-0961 (JSM) (S.D. N.Y. filed Sept. 1, 1998). On April 23, 1999, the court accepted Petitioner's guilty plea. Id. On October 14, 1999, United States District Judge John S. Martin sentenced Petitioner to a 108-month term of imprisonment and four years of supervised release, subject to removal. Id.

On November 5, 1999, BOP designated Petitioner to FCI Fort Dix. Petitioner enrolled in the Literacy Program and completed 575 hours of programming. According to Petitioner, while Petitioner was enrolled in the Literacy Program, Mr. Johnson, Assistant Supervisor of Education at FCI Fort Dix, sent a request to the Dominican Republic to confirm Petitioner's high school graduation. (Complaint at p. 3.) Petitioner asserts that Johnson received a copy of Petitioner's high school diploma, and made a copy for Petitioner, but Johnson failed to record receipt of the diploma. (Id.) However, Douglas E. Watford, Supervisor of Education at FCI Fort Dix, avers that

2

> on October 19, 2000, Petitioner withdrew from the Literacy Program. As a result, the Education Department at FCI Fort Dix determined that Petitioner was not making satisfactory progress toward earning a GED credential and, therefore, placed Petitioner on GED UNSAT (unsatisfactory progress) status. This information was appropriately entered into SENTRY. Although Petitioner completed the minimum 240 hours, he had not yet earned a GED or did not present proof verifying he had a high school diploma. (See Exhibit 2g . . .). As a result, Petitioner's sentence was recomputed to reflect a decrease in his GCT rate from 54 to 42 days. (See Exhibit 2d . . .).
>
> On December 15, 2003, Petitioner presented documentation verifying that he, in fact, had a high school diploma from the Dominican Republic. As a result, his sentence was recomputed to reflect an increase in his GCT from 42 days back to 54 days a year. (See Exhibits 2d, 2e, and 2g.)

(Decl. of Douglas E. Watford, ¶¶ 6, 7.)

Between September 17, 2002, and June 17, 2004, Petitioner exhausted relief under the BOP's Administrative Remedy Program. Petitioner challenged the calculation of his GCT credits at the rate of 42 days (rather than 54 days) per year for the three years ending August 18, 2003, and sought an additional 36 days of GCT.[2] The BOP finally denied all relief in a decision dated June 17, 2004, by Harrell Watts, Administrator of the National Inmate Appeals. The decision provides, in relevant part:

> Program Statement 5884.01, Good Conduct Time Credits Under the PLRA, requires a Prison Litigation Reform Act (PLRA) inmate to have earned or be making satisfactory progress toward earning a General Educational Development (GED) credential before awarding the maximum amount of GCT allowed . . . .
>
> You were sentenced to 108 months under the provisions of the PLRA on October 8, 1999, for violation of federal statutes. As noted by the Regional Director, during the years in question

---

[2] Petitioner's projected release date is July 22, 2006.

3

> [August 19, 2000, through August 18, 2003], you had not provided staff with verification of a high school diploma and subsequently withdrew from the Literacy Program. Your GED status was changed to GED UNSAT and you were precluded form receiving the maximum amount of GCT (54 days per year) allowed in accordance with P.S. 5884.01. Upon receipt and verification of your high school diploma, your status was changed to GED HAS allowing you to earn the maximum amount of GCT. Your failure to provide the documentation and decision to withdraw from the Literacy Program negatively effected the rate at which you earned GCT for the award periods in question. Despite your deportable alien status, you are still subject to the provisions of the PLRA as it relates to your GCT.

(Response of Harrell Watts to Administrative Remedy No. 323114-A1, dated June 17, 2004).

On August 24, 2004, Petitioner executed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and an attached Complaint for declaratory and injunctive relief and damages. The Clerk received the Petition on August 26, 2004. Petitioner presents two grounds for relief:

> Ground One: PLAINTIFF'S GOOD CONDUCT TIME WAS TAKEN IN VIOLATION OF BOP RULES AND REGULATIONS, AND THUS, ENTITLED PLAINTIFF TO RELIEF FOR RESTORATION OF ANY AND ALL WITHHELD GOOD CONDUCT TIME (36 - DAYS).
>
> Ground Two: THE TAKING OF PLAINTIFF'S GOOD CONDUCT TIME, AND FAILURE TO RESTORE VIOLATES CONSTITUTIONAL RIGHTS.

(Compl. at pp. 5, 7; Pet. Grounds.)

In an Order filed September 7, 2004, United States District Judge Freda L. Wolfson determined that Petitioner's claim for damages is not cognizable under § 2241, dismissed the claim for damages, and ordered service of the Petition.

The government filed an Answer seeking dismissal of the Petition, accompanied by the declarations of Douglas Watford and attorney advisor Kisha M. Hebbon, and several documents.

The BOP argues that its decision to decrease Petitioner's GCT by 36 days was a reasonable interpretation of 18 U.S.C. § 3624(b) and applicable regulations. Alternatively, the BOP argues that this Court should remand the matter to the BOP if this Court disagrees with its interpretation of the statute. Petitioner filed a Reply to the Answer, arguing that he is entitled to 54 days of GCT per year under the BOP's own regulations because he earned a high school diploma in 1986.

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner was incarcerated in New Jersey at the time he filed the Petition and he asserts

5

that the BOP violated federal law in calculating his GCT. See Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991); 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b (3rd ed. 1998).

B. The Merits

Petitioner contends that the BOP's calculation of his GCT for the three years ending August 18, 2003, deprives him of the amount to which he is entitled by statute and prison regulations. Section 3624(b) of Title 18 of the United States Code, entitled "Credit toward service of sentence for satisfactory behavior," provides in full:

> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.
>
> (2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

> (3) The Attorney General shall ensure that the Bureau of Prisons has in effect an optional General Educational Development program for inmates who have not earned a high school diploma or its equivalent.
>
> (4) Exemptions to the General Educational Development requirement may be made as deemed appropriate by the Director of the Federal Bureau of Prisons.

18 U.S.C. § 3624 (b).

The BOP promulgated a regulation implementing § 3624(b), entitled "Good conduct time." See 28 C.F.R. § 523.20. The version in effect in 2003, as well as today, for an inmate serving a sentence for an offense committed on or after April 26, 1996, provides in relevant part:

> [T]he Bureau shall award:
>
> (1) 54 days credit for each year served . . . if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or
>
> (2) 42 days credit for each year served . . . if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

28 C.F.R. 523.20(a). The BOP's Program Statement 5884.01, entitled "Good Conduct Time Credits Under the Prison Litigation Reform Act," effective November 3, 1997, states that "[t]he rule cited in this Program Statement is contained in 28 C.F.R. 523.20." (Program Statement 5884.01, attached to Decl. of Douglas Watford.) The Program Statement sets forth 28 C.F.R. § 523.20 verbatim. (Id. at p. 2.)

This Court finds that the controlling statute creates an incentive for an inmate to further his or her education through participation in, and completion of, the GED program. While the statute commands the agency to consider this factor in calculation good time credit, it just as

7

plainly leaves the determination as to satisfactory progress toward that goal to that same agency. Absent some evidence, not found here, that the agency exercised that discretion improperly, its decision is due judicial deference.[3] Chevron U.S.A, Inc. v. Natural Resources Defense Counsel, Inc., 467 U.S. 837 (1984).

While the agency appears to have later granted full good time credit going forward based on the Petitioner's subsequent submission of his foreign diploma, nothing in 18 U.S.C. § 3624(b), or any other statutory provision cited to the Court, appears to grant petitioner the right to full time credit for the time he spent out of the GED program and prior to the proffered diploma. In sum, the BOP acted within its discretion to deny the highest level of good time credits to Petitioner, who, having voluntarily withdrawn from the GED Program, was not "during the relevant period" earning or making satisfactory progress toward a GED credential or high school diploma within the language of § 3624(b). The Court will therefore dismiss the Petition with prejudice.

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition with prejudice.

_____
NOEL L. HILLMAN
United States District Judge

DATED: July 11, 2006        At: Camden, New Jersey

---

[3] Indeed the evidence as to the government's good faith and fair administration of the program is to the contrary. The agency gave the Petitioner full credit for the time he actually participated in the program and later gave him full credit going forward based on a foreign diploma almost twenty years old.

8